# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.

CHRISTOPHER BEREZNAK,

Defendant.

NO. 3:18-CR-39

(JUDGE CAPUTO)

## MEMORANDUM

Presently before me is a Motion to Dismiss Indictment filed by Defendant Christopher Bereznak ("Bereznak"). (Doc. 5.) Because the allegations in the Indictment (Doc. 1) are sufficient to charge an offense, the Motion will be denied.

### I. Background

The grand jury Indictment filed on February 6, 2018, charges Bereznak with nine counts of Unlawful Distribution and Dispensing of a Controlled Substance under 21 U.S.C. § 841(a)(1) (the Controlled Substances Act ("CSA")). (Doc. 1.) All of the alleged violations took place in June or July 2016. *Id.* Of the nine counts, seven are for dispensing Soma (Carisoprodol), one is for dispensing Diazepam, and one is for dispensing Percocet (Oxycodone/Acetaminophen). *Id.* Soma and Diazepam are both Schedule IV controlled substances, and Percocet is a Schedule II controlled substance. *Id.* Bereznak's Motion to Dismiss addresses only the counts relating to Soma (Counts 1-3 and 6-9). (Doc. 5.) The Indictment acknowledges that Bereznak was a Doctor of Dental Medicine (DDM) licensed by the Commonwealth of Pennsylvania and held a Drug Enforcement Administration (DEA) registration while operating a dental practice. (Doc. 1.) Consequently, Bereznak was authorized to prescribe and/or dispense controlled substances to patients for legitimate medical purposes and in the usual course of a professional practice. *Id.* The Indictment alleges that, in or about May 2017, Bereznak initiated a personal relationship with AG via Craigslist that continued until the time of AG's death on or about July 20, 2016. *Id.* The Indictment

further alleges that Bereznak made the alleged distributions of controlled substances to AG outside the usual course of a professional practice and not for a legitimate medical purpose. *Id.*

On February 12, 2018, Bereznak filed the instant Motion to Dismiss the Indictment. (Doc. 5.) Bereznak argues that he did establish a doctor-patient relationship with AG in his capacity as a dentist, states that the controlled substances were prescribed in the course of this doctor-patient relationship, and notes that it is undisputed that AG died of an overdose of a combination of Fentanyl and Amphetamines, rather than from any medication prescribed by him. *Id.* Bereznak further provides the procedural history of a Pennsylvania state criminal case against him based on the same underlying facts. *Id.* According to Bereznak, he was arrested by state police and charged with seven counts of the "administration, dispensing, delivery, gift, or prescription of any controlled substance by any practitioner [] unless done (i) in good faith in the course of his professional practice; (ii) within the scope of the patient relationship; [and] (iii) in accordance with treatment principles accepted by a responsible segment of the medical profession" and five counts of "criminal use of communication facility." *Id.* On October 20, 2017, Bereznak filed a motion to dismiss all criminal charges because Soma was not a controlled substance under Pennsylvania state law at the time of the alleged crimes. *Id.* In response, Bereznak states that the Commonwealth requested multiple continuances, and asked the local United States Attorney's Office to investigate and bring a federal indictment against him. *Id.*

## II. Discussion

"It is well-established that an indictment returned by a legally constituted and unbiased grand jury, [] *if valid on its face*, is enough to call for trial of the charge on the merits." *U.S. v. Huet*, 665 F.3d 588, 594-95 (3d Cir. 2012)(internal quotations omitted). The Third Circuit has held that an indictment is facially sufficient if it "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises

the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *Id.* "Federal Rule of Criminal Procedure 12(b)(2) authorizes dismissal of an indictment if its allegations do not suffice to charge an offense, but such dismissals may not be predicated upon the insufficiency of the evidence to prove the indictment's charges." *United States v. DeLaurentis*, 230 F.3d 659, 661 (3d Cir. 2000)(citing *United States v. Sampson*, 371 U.S. 75, 78-79 (1962)). Thus, dismissal is inappropriate where the indictment "track[s] the language of the statute [and is therefore] sufficient on its face." *Id.*

21 U.S.C. § 841(a)(1) states that "[e]xcept as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally [] to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." The Supreme Court has held that a physician may be prosecuted under the CSA if his activities are outside "the usual course of professional practice." *United States v. Moore*, 423 U.S. 122, 124 (1975); *see also* 21 C.F.R. § 1306.04 ("[a] prescription for a controlled substance to be effective must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice.").

Bereznak argues that he at all times prescribed the relevant substances in compliance with state law and in the usual course of professional practice, and cites the Supreme Court's decision in *Gonzales v. Oregon* to support his conclusion that he therefore cannot be prosecuted under the CSA. *See* 546 U.S. 243 (2006). Bereznak acknowledges that Soma was added to the federal controlled substances list on Monday, December 12, 2011, before the alleged violations took place. 76 FR 77330-01; 21 C.F.R. § 1308.14. However, Bereznak points out that an accompanying Executive Order provides that "[t]his rulemaking does not preempt or modify any provision of state law or impose enforcement responsibilities on any state or diminish the power of any state to enforce its own laws." Executive Order No. 13132, 76 FR at

3

77358. Bereznak argues that, since he was licensed by Pennsylvania and practiced only in Pennsylvania, and at all times complied with Pennsylvania laws and regulations, it is legally impossible for him to be guilty of the charged federal offenses.

To the extent Bereznak's arguments rest on the contention that he prescribed the relevant substances in the usual course of professional practice, these arguments are aimed at the sufficiency of the Government's evidence, which must be evaluated by the jury at trial and are not appropriate for resolution by the Court. *DeLaurentis*, 230 F.3d at 661. To the extent Bereznak argues that the mere fact that Soma was not a controlled substance under Pennsylvania law means he cannot be prosecuted under the CSA, this argument is foreclosed by *Moore*. 423 U.S. at 124. *Gonzales* held only that the CSA did not grant expansive federal authority to regulate medicine by defining the scope of legitimate medical practice, which was left up to the states. 546 U.S. at 270-71. This does not foreclose prosecution of a state-licensed physician for prescribing a federally controlled substance outside the scope of legitimate medical practice, as defined by the state where he practices. The fact that a state has not chosen to add a substance to the controlled substances list does not mean that there are no bounds on the scope of legitimate medical practice for prescribing it within the state. The Indictment is therefore sufficient because it alleges that Bereznak prescribed the relevant medications outside the usual course of his professional practice, or for a purpose that was not medically legitimate.

### III. Conclusion

For the above stated reasons, Bereznak's Motion to Dismiss the Indictment will be denied.

An appropriate order follows.


April 13, 2018     /s/ A. Richard Caputo
Date               A. Richard Caputo
                   United States District Judge

4