UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA: | : | No. 3: CR-18-39 |
| -vs- | : | (Judge Caputo) |
| CHRISTOPHER BEREZNAK, | : | Filed Electronically |
| Defendant | : | |

# GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

The defendant, Christopher Bereznak, is charged with nine counts of unlawfully distributing and dispensing and causing to be distributed and dispensed controlled substances (Soma/Carisoprodol, Schedule IV; Diazepam, Schedule IV; and Percocet/oxycodone, Schedule II), outside the usual course of a professional practice and not for a legitimate medical purpose, in violation of 21 U.S.C. Section 841(a)(1).

The prescriptions written and called-in by the defendant for Ashley Gammon and charged in the indictment are as follows: **(1)** June 2, 2016, Soma 21 pills filled at Rite Aid; **(2)** June 6, 2016, Soma (carisoprodol) 21 pills filled at Family Pharmacy on June 6, 2016; **(3)** June 9, 2016, Soma 30 pills filled at Rite Aid; **(4)** June 14, 2016, Diazepam 3 pills and **(5)** Soma 30 pills prescriptions written by the

1

defendant on June 14, 2016, and filled by Rite Aid on June 14, 2016, and June 18, 2016, respectively; **(6)** June 16, 2016, Percocet 10 pills prescription written by the defendant on June 16, 2016 and filled by Rite Aid on June 16, 2016; **(7)** July 6, 2016, Soma (carisoprodol) pills filled on July 6, 2016 by Rite Aid; **(8)** July 12, 2016, Soma 15 pills called-in on July 12, 2016 and filled by Dunmore Pharmacy on July 13, 2016; **(9)** July 18, 2016, Soma 30 pills called-in July 18, 2016 and filled by Dunmore Pharmacy on July 18, 2016 (charged back for credit because it is believed that Ashley was deceased as of July 18, 2016 and was unable to pick up the prescription for Soma).

In addition to the above, the Government also intends to authenticate and introduce into evidence a prescription for Ashley Gammon for Xanax (3 pills) that was called-in by the defendant and filled by Family Pharmacy on June 6, 2016, the same day as the prescription charge in Count 2 of the indictment.

The Government submits that the above referenced prescription not charged in the indictment is intrinsic to the charged crimes and therefore admissible. However, the Government nonetheless includes it in this notice in an excess of caution.

## Legal Discussion

In this context, it is helpful to explain the legal framework for the violations in this case. Title 21, U.S.C. § 841(a)(1) states that "[e]xcept as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally ... to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a)(1). The Government contends that the defendant, a dentist who held a DEA registration, violated this statute when he issued a number of prescriptions for controlled substances to Ashley Gammon. With respect to the defendant, he was legally allowed to distribute controlled substances under certain circumstances. "A prescription for a controlled substance to be effective must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice." 21 C.F.R. § 1306.04. Prescriptions outside these bounds are illegal.

The standard for determining whether a prescription is issued within the usual course of professional practice is an objective one. *See United States v. Tobin*, 676 F.3d 1264, 1283 (11th Cir. 2012) (holding that "whether a prescription is made in the usual course of professional

practice is to be determined from an objective, and not subjective, viewpoint"); *United States v. Smith*, No. CRIM 05-282 MJD/JJG, 2006 WL 3702656, at *3 (D. Minn. Dec. 14, 2006) ("Based on extensive case law, the Court concludes that the law requires an objective standard for the phrase 'usual course of professional practice.' ") (citing cases).

Despite the use of the word "his" in section 1306.04, the Government is not required to prove that the defendant was acting outside the usual course of defendant's *own* practice, but instead that he was acting outside the usual course of a generalized, objective professional practice when he issued the charged prescriptions. *See United States v. Smith*, 573 F.3d 639, 648 (8th Cir. 2009) (holding that "it was not improper to measure the 'usual course of professional practice' under § 841(a)(1) and § 1306.04 with reference to generally recognized and accepted medical practices and not a doctor's self-defined particular practice."); *United States v. Norris*, 780 F.2d 1207, 1209 (5th Cir. 1986) (rejecting argument that "the use of the word 'his' in the regulation requires the Government to prove that he prescribed the drugs for a purpose that was contrary to [defendant's] own standards of reasonable medical practice.").

Under Rule 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," but "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Noting that drug distribution under section 841 is a specific intent crime, it is the Government's contention that evidence of the fact that the defendant issued another illegal prescription is relevant to show intent, "absence of mistake or accident, and a purposeful intentional scheme to make money selling prescriptions." *See United States v. Johnson*, 802 F.2d 1459, 1464 (D.C. Cir. 1986) ("Specific intent is an essential element of a charge under 21 U.S.C. § 841(a) of possession of narcotics with intent to distribute, and the prosecution would have been justified in offering other crimes evidence in its case-in-chief …"). The Government further contends that the probative value of the additional prescription outweighs the prejudice to the defendant if admitted in the context of the instant facts and circumstances.

Evidence of similar uncharged illegal drug prescribing activity is proper under Rule 404(b) because it tends to prove the defendant's intent and absence of mistake when he issued the charged prescriptions. *See United States v. Merrill*, 513 F.3d 1293, 1299–303 (11th Cir. 2008) (holding that "[a] jury may consider prescription data sets outside those specifically charged in the indictment to determine whether a physician has exceeded the legitimate bounds of medical practice and as evidence of a plan, design, or scheme.") (internal quotations omitted); *United States v. Brown*, 553 F.3d 768, 789–90 (5th Cir. 2008) (holding that the district court did not abuse its discretion in admitting evidence of other prescriptions because "[t]he critical issue at trial was whether the appellants filled [one doctor's] prescriptions knowing they were illegitimate, and appellants' experiences in filling piles of similar false prescriptions from a different doctor would speak directly to that issue"); *United States v. Henry*, 727 F.2d 1373, 1377–78 (5th Cir.), *on reh'g*, 749 F.2d 203 (5th Cir. 1984) (holding that evidence of prescriptions other than those charged in the indictment was admissible under Fed. R. Evid. 404(b) because "[t]he extrinsic evidence provides background information concerning [defendant's] practices in

dispensing Schedule II drugs to the same individual on a frequent basis in large quantities under at least questionable circumstances as to legitimate medical needs, and, thus, shows substantially identical acts."); *United States v. Harrison*, 651 F.2d 353, 355 (5th Cir. 1981) (holding that the jury, "in considering the issue of exceeding the legitimate bounds of medical practice, [was not] limited to considering only prescriptions charged … [p]rescriptions issued at other times were admissible as evidence of plan, design or scheme.").

Despite the fact that this evidence is intrinsic and/or has a proper Rule 404(b) purpose, it also must be balanced against Rule 403 considerations. Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Here, the probative value of this Rule 404(b) evidence is substantially outweighed by any unfair prejudice to the defendant. The Government is seeking to introduce only one additional prescription outside the specific prescriptions charged in the indictment. There can

be no risk under these circumstances that the jury would be confused by the evidence or mislead by the evidence (the officers will simply testify that one of the prescriptions was initially not located). There is no risk of undue delay, wasting time, or adding cumulative evidence. Moreover, presenting evidence of one additional prescription that was written at the same time as the prescription charged in Count 2 of the indictment, and in fact falls sequentially in line in terms of the prescription numbers, does not force the defendant to defendant himself against unfair surprise or voluminous allegations.

    Other Circuit Courts have held in favor of the Government in similar circumstances. In *United States v. Stump*, 735 F.2d 273, 275 (7th Cir. 1984), the Court held that prior prescriptions were evidence showing intent, opportunity, plan, preparation and lack of mistake. In that case, the defendant himself denied any intent to act unlawfully and thereby placed the issue of his intent before the jury. The probative value of the evidence was very high because it tended to prove that the defendant was engaged in a pattern of continuing unlawful conduct outside of the scope of a legitimate medical practice. This is pattern evidence that clearly outweighs any conceivable prejudice to the

defendant. "The prescriptions written for [the individual], standing beside the offenses set out in the indictment, were inseparably a part of a continuing scheme spanning a single period of time. The trial court correctly permitted this pattern evidence to be considered by the jury." *Id.* at 275.

The Eleventh Circuit explained in *United States v. Hung Thien Ly*, No. CR407-286, 2008 WL 11343666, at *1–2 (S.D. Ga. June 25, 2008), "[a] jury may consider prescription data sets outside those specifically charged in the indictment to determine whether a physician has exceeded 'the legitimate bounds of medical practice' and 'as evidence of a plan, design, or scheme.' " (citing *United States v. Merrill*, 513 F.3d 1293, 1303 (11th Cir. 2008) (*quoting United States v. Harrison*, 651 F.2d 353, 355(5th Cir. 1981)).

> Likewise, in *United States v. Katz,* 445 F.3d 1023 (8th Cir. 2006), the Eighth Circuit upheld the district court's admission into evidence of 300 prescriptions not charged in the indictment. The rationale was as follows: First, evidence is admissible under Rule 404(b) to show intent. In this case, a necessary element of the crime charged was whether [the physician defendant] wrote the prescriptions for a legitimate medical purpose. Thus, the question of [the defendant]'s intent was central to the case and relevant to a material issue. Second, the prescriptions not charged in the indictment were similar in kind and close in time to the crime charged. Third, the prescriptions not charged in the

9

> indictment were proven by a preponderance of the evidence.... Lastly, the admission of these other prescriptions was not unfairly prejudicial.

*Id.* at 1029.

In this case, circumstances support the admission of the single uncharged prescription. First, as argued above, it is admissible to show the defendant's plan, design, or scheme. *See Merrill*, 513 F.3d at 1303.

Second, the prescription the Government seeks to introduce is similar in kind and time to the crimes charged, and exact in time to the crime charged in Count 2. *See Katz*, 445 F.3d at 1029. Both the charged prescriptions and uncharged prescription were for controlled substances. Moreover, all of the prescriptions, including the one prescription that is the subject of this notice, were written for the same person, Ashley Gammon.

In *United States v. Robinson*, 255 F.Supp. 3d 199 (D.D.C. 2017), the Court similarly held that evidence of similar uncharged illegal drug prescribing activity is proper under Rule 404(b) because it tends to prove the defendant's intent and absence of mistake when he issued the charged prescriptions. *Id.* at 204-04.

Accordingly, the Government intends to admit evidence of the uncharged prescription listed by the Government herein at trial.

Respectfully submitted,

DAVID J. FREED
United States Attorney

/s/ Michelle L. Olshefski
MICHELLE L. OLSHEFSKI
Assistant United States Attorney
Atty ID No. PA 79643

/s/ Francis P. Sempa
FRANCIS P. SEMPA
Assistant United States Attorney
Atty ID No.   PA 41294

Date: July 29, 2019

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 3:CR-18-039 |
| | : | |
| v. | : | (JUDGE CAPUTO) |
| | : | |
| CHRISTOPHER BEREZNAK | : | Filed Electronically |
| Defendant | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 29th day of July, 2019, I caused the foregoing "**Government's Notice of Intent to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b)**" to be served upon Lawrence J. Kansky, Esquire, counsel of record for the defendant, and that Attorney Kansky is a filing user under the ECF system.

/s/ Michelle L. Olshefski
Michelle L. Olshefski
Assistant United States Attorney