THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER BEREZNAK,<br>Petitioner<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent | :<br>:<br>:    CASE NO. 3:18-CR-39<br>:    (RELATED CASE NO. 3:21-CV-692)<br>:<br>:    (JUDGE MARIANI)<br>: |

## MEMORDANDUM OPINION

### I. INTRODUCTION

On August 13, 2019, a federal jury convicted Defendant Christopher Bereznak of eight counts of crimes relating to the unlawful distribution of controlled substances. (*See* Doc. 74.) Presently before the Court is Bereznak's 28 U.S.C. § 2255(a) Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 118.) For the reasons set forth below, the Court will dismiss Bereznak's § 2255 Motion as moot.

### II. BACKGROUND

On February 6, 2018, a federal grand jury returned an indictment charging Christopher Bereznak with nine counts of unlawful distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1). (Doc. 1; Doc. 91 ("PSR") ¶ 1). On August 5, 2019, a seven-day jury trial commenced. (PSR ¶ 3). On August 13, 2019, the jury returned verdicts of guilty on counts 2 through 9 of the indictment. (Doc. 74.) Bereznak was found not guilty on count 1 of the indictment. (*Id.*)

A presentence investigation report was completed, and an addendum to the report was filed with the Court. Bereznak's advisory sentencing guideline range was 6 to 12 months in prison. (PSR ¶ 55.) No party filed any objections to the PSR. On April 20, 2020, the Court imposed a sentence of time served on all counts to run concurrently, followed by three years of supervised release. (Doc. 101.)

Defendant appealed his conviction to the Third Circuit Court of Appeals. By Opinion dated July 7, 2021, the Third Circuit affirmed the judgment of conviction, see *United States v. Bereznak*, 860 F.App'x 805 (3d Cir. 2021).

The Probation Office for the Middle District of Pennsylvania has informed the Court that Bereznak's term of supervised release expired on April 19, 2023.

## IV. ANALYSIS

As a threshold matter, the Court must determine whether Bereznak's § 2255 motion (Doc. 118) is moot. Here, Bereznak's term of supervised release expired on April 19, 2023, and he is therefore no longer "in custody" as defined by § 2255. *See* 28 U.S.C. § 2255; *United States v. Essig,* 10 F.3d 968, 970 n. 3 (3d Cir.1993) (for purposes of § 2255, a petitioner is "in custody" if the petitioner is incarcerated or is serving a period of supervised release).

In *Defoy v. McCullough,* 393 F.3d 439 (3d Cir. 2005), the Third Circuit stated that "a petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." *Id.* at 441 (citing *Lane v.*

*Williams*, 455 U.S. 624, 631 (1982)).[1] In *Defoy*, the Third Circuit also recognized a "narrow exception to the general mootness rule," referred to as the doctrine of collateral consequences, which "applies where a former prisoner can demonstrate he will suffer some collateral consequences if his conviction is allowed to stand." *Id.* at 442 n. 3; *see also United States v. Romero-Vilca*, 850 F.2d 177, 179 (3d Cir. 1988). However, "[i]t is a petitioner's burden to demonstrate that collateral consequences exist to avoid having a case dismissed as moot." *Id.*

In the instant case, neither Bereznak's habeas petition (Doc. 118) nor the record before this Court present any legal or factual basis for a finding that the Defendant "will suffer some collateral consequences if his conviction is allowed to stand", *Defoy*, 393 F.3d at 442 n. 3. Because Bereznak has failed to "demonstrate he will suffer some collateral consequences" if his conviction is not vacated, the exception to the general mootness rule is inapplicable here and his motion for habeas relief must be dismissed as moot.

For these reasons, Bereznak's § 2255 motion will be dismissed as moot.

---

[1] District Courts in the Third Circuit have also held that a motion to vacate a sentence under § 2255 is moot where the defendant is neither in custody nor under supervision at the time a § 2255 motion is filed. *See United States v. Griffith*, 2005 WL 2648340, at *3-4 (M.D. Pa. Oct.17, 2005); *see also United States v. Stuler*, 2006 WL 1425693, at *2 (W.D. Pa. May 18, 2006) (same). The present case is factually distinct from *Griffith* and *Stuler* because Bereznak's term of supervised release ended *subsequent* to his filing the instant § 2255 motion.

## V. CERTIFICATE OF APPEALABILITY[2]

"A § 2255 petitioner can appeal the denial of his claims only if he obtains a certificate of appealability ["COA"]." *United States v. Bristol*, 2022 WL 2068048, at *8 (E.D. Pa. June 8, 2022) (citing 28 U.S.C. § 2253(c)(1)). The petitioner must make a "substantial showing of the denial of a constitutional right" for the district court to issue a COA, which requires a showing that "reasonable jurists would find the district court's assessment of [his] constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2), *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, a COA is not warranted on Bereznak's claims because the Court finds that reasonable jurists would not find this Court's resolution of Bereznak's constitutional claims debatable or wrong.

## VI. CONCLUSION

For the aforementioned reasons, the Court will dismiss Bereznak's 28 U.S.C. § 2255(a) Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 118) as moot. A separate Order will follow.

Robert D. Mariani
United States District Judge

---

[2] Because the Court has determined that Defendant Bereznak's § 2255 motion is moot, no evidentiary hearing is necessary.